UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| YACOB EL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2855-SPM |
| | ) | |
| UNITED STATES SOCIETY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court upon the motion of plaintiff Yacob El-Bey for leave to proceed herein in forma pauperis. The Court has considered the financial information provided with the motion, and has determined that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court finds that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that pro se complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

The complaint consists of two documents, both of which consist of the boilerplate "legalistic gibberish" commonly found in documents filed by tax protesters and members of militia groups. *E.g., Crain v. Comm'r of Internal Revenue*, 737 F.2d 1417 (5th Cir. 1984). The first document is titled: "The Moorish Divine and National Movement of the World, Legal Notice! Name Declaration, Correction, Proclamation and Publication." (Docket No. 1 at 1). Therein, plaintiff proclaims that he has changed his name from Jacob Keith Scott to Yacob El-Bey. The second document is titled: "Judicial Notice and Proclamation." (*Id.* at 2). Therein, plaintiff identifies himself as an aboriginal Moorish American, a Noble of the Al Moroccan

Empire, and so forth. He claims the Moorish Nation is sovereign, and appears to seek a declaration that he, as a member, is immune from state and federal prosecution, the obligation to pay taxes, and so forth. However, plaintiff's purported status as a Moorish American citizen does not enable him to violate state or federal laws without consequence. The United States does not recognize the Moorish Nation as a sovereign state, *see Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007), *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988), and plaintiff cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984).

The Court has carefully reviewed the documents, and finds they lack legal or factual significance. As a result, the Court concludes this case is frivolous, and will dismiss it as such.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of December, 2017.

*E. Richard Webber*

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE